### JOSEPH GAYMON *v.* COMMISSIONER OF CORRECTION
### (AC 33901)

Lavine, Beach and Schaller, Js.

Argued March 14—officially released June 4, 2013

*David B. Rozwaski*, assigned counsel, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Nicholas J. Bove, Jr.*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. This is the appeal of the petitioner, Joseph Gaymon, from the judgment of the habeas court rejecting his claims that his trial counsel rendered ineffective assistance and that the trial court was without jurisdiction to sentence him after he pleaded guilty to one count of possession of narcotics with intent to sell

by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). These claims arise from an exchange that occurred immediately after the petitioner had been sentenced, in which the clerk of the court sought to clarify which charging document was operative, a three count short form information or a four count long form information, and which charges should be nolled.[1] The petitioner raises two claims on appeal: that his trial counsel was ineffective because he failed to appreciate the significance of the purported confusion over which information was operative, and that because both charging documents were supposedly nolled, he pleaded guilty to an invalid information. We reject the petitioner's attempt to capitalize on fleeting administrative confusion and, accordingly, affirm the judgment of the habeas court denying his amended petition for a writ of habeas corpus.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate prejudice; that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* v. *Washington*, 466 U.S. 668, 694,104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see also *Ham* v. *Commissioner of Correction*, 301 Conn. 697, 704, 23 A.3d 682 (2011) ("[a] court can find against a petitioner, with respect to a claim of ineffective assistance of counsel, on either the performance prong or the prejudice prong, whichever is easier"). The petitioner's claim is that he thought he was pleading guilty under the long form information, which was ultimately withdrawn, not the short form information. There is no dispute, however, that the petitioner intended to plead guilty to a violation of § 21a-278 (b), which was the first count on both informations. Therefore, the petitioner cannot show that the result

---

[1] Pursuant to Practice Book § 39-29, "[a] prosecuting authority shall have the power to enter a nolle prosequi in a case."

of the proceeding would have been different if he was sentenced pursuant to one information instead of the other. The petitioner's related ineffective assistance claim is based on the allegation that his trial counsel's failure to recognize this supposed error during the plea canvass deprived him of the opportunity to have the charges against him dismissed. This claim is also unavailing. Even if all of the counts on both informations were mistakenly nolled as the petitioner claims, the state would not have been precluded from initiating a new prosecution based on the same criminal transaction and certainly would have done so.[2] See Practice Book § 39-31 (allowing prosecutor to initiate new case against defendant after nolle prosequi is entered). Thus, the petitioner cannot show that, but for his counsel's allegedly "unprofessional errors, the result of the proceeding would have been different." *Strickland* v. *Washington*, supra, 694.

The petitioner's second claim is that the court was without jurisdiction to sentence him because a valid charging document was not in existence by the conclusion of the plea canvass. This contention, however, was rejected as a factual matter by the habeas court as well as the court that ruled on the petitioner's motion to correct an illegal sentence. See *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 735, 779 A.2d 156 (2001) (habeas court's factual findings not disturbed by this court unless they are clearly erroneous).

The judgment is affirmed.

---

[2] "The effect of a nolle prosequi is to end pending proceedings without an acquittal and without placing the defendant in jeopardy." *State* v. *Lloyd*, 185 Conn. 199, 201, 440 A.2d 867 (1981).